UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:06-cr-061 |
| | | Also 3:12-cv-302 |
| Plaintiff, | : | |
| | | Judge Thomas M. Rose |
| v. | : | |
| CHRISTOPHER HUNTER, | : | |
| Defendant. | : | |

_____

ENTRY AND ORDER AFFIRMING DECISION AND ORDER (DOC. 222)
DENYING DEFENDANT'S MOTION TO AMEND (DOC. 220)
_____

This case is before the Court on Defendant Christopher Hunter's Objections to and Appeal of (Doc. 223) the Magistrate Judge's Decision and Order (Doc. 222) denying Hunter's Motion to Amend Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Motion to Amend") (Doc. 220).  For the reasons stated below, the Court **AFFIRMS** the Magistrate Judge's Decision and Order (Doc. 222).

## BACKGROUND

On September 11, 2012, Hunter brought this action by filing a Motion to Vacate under 28 U.S.C. § 2255 containing nine grounds for relief.  (Doc. 135.)  On October 10, 2012, Hunter was appointed counsel.  (Docs. 137, 138.)  Hunter later requested that his appointed counsel withdraw and new counsel be appointed in the case.  (Doc. 147.)  The Magistrate Judge granted the request, but conditioned the appointment of new counsel on a showing that an evidentiary hearing was warranted.  (Doc. 149, 151.)

On August 30, 2015, the Magistrate Judge entered a Report and Recommendations

1

recommending that Ground One and Grounds Three through Nine of Hunter's § 2255 motion be dismissed with prejudice, and that an evidentiary hearing be held regarding Ground Two. (Doc. 158.) The Court adopted the Report and Recommendations on October 29, 2013. (Doc. 167.)

The Magistrate Judge appointed new counsel for Hunter and held a hearing on Ground Two in April and June 2014 (Docs. 184, 186, 187, 188), after which the parties submitted memoranda. (Docs. 195, 200, 205.) On August 24, 2015, the Magistrate Judge entered a Report and Recommendations recommending that Ground Two be dismissed. (Doc. 209.)

On October 7, 2015, Hunter filed the Motion to Amend (Doc. 220), which requested leave to supplement his § 2255 motion with three proposed amendments. The Court postponed consideration of the Report and Recommendations (Doc. 209) pending the Magistrate Judge's consideration of the Motion to Amend. On October 28, 2015, the Government filed an Opposition (Doc. 221) to the Motion to Amend. On November 23, 2015, the Magistrate Judge entered a Decision and Order denying the Motion to Amend. (Doc. 222.)

On December 3, 2015, Hunter filed Objections to and an Appeal of the Decision and Order denying his Motion to Amend. (Doc. 223.) In light of the Objections, the Court recommitted the Motion to Amend to the Magistrate Judge for further consideration. (Doc. 224.) The Magistrate Judge entered a Supplemental Memorandum (Doc. 225) on the Motion to Amend, in response to which Hunter again filed Objections (Doc. 226). The Government has not responded to any of Hunter's Objections, and the time for it to do so has expired. Hunter's Objections to and Appeal of the Decision and Order denying his Motion to Amend is therefore ripe for review.

**STANDARD OF REVIEW**

A motion to amend is a non-dispositive matter within the decisional authority of the Magistrate Judge, subject to appeal to the District Judge. Fed. R. Civ. Proc. 72. On appeal, the District Judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* The clearly erroneous standard is by no means easy to meet. In a different context, the Seventh Circuit opined that:

> under the clearly-erroneous standard, we cannot meddle with a prior decision of this or a lower court simply because we have doubts about its wisdom or think we would have reached a different result. To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must, as one member of this court recently stated during oral argument, strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.

*Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). This statement of the standard has been quoted by many courts, including the Sixth Circuit. *See United States v. Perry*, 908 F.2d 56, 58 (6th Cir. 1990).

**ANALYSIS**

Hunter brought the Motion to Amend pursuant to Fed. R. Civ. P. 15(c)(1), which governs when an amendment to a pleading relates back to the date of the original pleading.[1] Here, the "original pleading" is Hunter's § 2255 motion filed on September 11, 2012. (Doc. 135.) Hunter requested leave to amend the § 2255 motion to include the following three amendments:

Amendment A – Trial counsel's erroneous advice related to the best case/worst case scenario was deficient and caused Hunter to reject a more favorable plea.

Amendment B – Trial counsel's erroneous advice in association with Count Two

---

[1] Hunter states that his motion is brought pursuant to Fed. R. Civ. P. 15(c)(2), but, as noted by the Magistrate Judge, that provision is clearly inapplicable. (Doc. 222 at PageID 3360.) The Magistrate Judge therefore construed the Motion to Amend as being brought pursuant to Fed. R. Civ. P. 15(c)(1), as does the Court.

3

> (Possession of a Controlled Substance) of Hunter's Indictment was deficient and caused Hunter to reject a more favorable plea.
>
> Amendment C – Trial counsel's failure to investigate precluded Hunter from making a fully informed decision as to whether or not he should plea.

(Doc. 220 at PageID 3343, 3345-46.)  Hunter argued that these proposed amendments should already be before the Court because he raised them in his § 2255 motion, the affidavit that he submitted before the evidentiary hearing, and in his post-hearing memorandum.  (Doc. 220 at PageID 3341.)  After reviewing the Magistrate Judge's Report and Recommendations (Doc. 209), however, Hunter came to believe that "the Court does not consider the arguments he seeks to clarify as properly before the Court."  (Doc. 220 at PageID 3341.)

Indeed, in denying the Motion to Amend, the Magistrate Judge found that the claims made in the proposed amendments were not included in the nine grounds for relief in Hunter's § 2255 motion.  (Doc. 222 at PageID 3361.)  As "[a]ffidavits and briefs filed after an evidentiary hearing cannot add new claims to a § 2255 case," Hunter should have brought a motion to amend if he wanted to add claims to his original motion.  (*Id.*)

Alternatively, the Magistrate Judge considered the argument that the grounds for relief contained in the proposed amendments were tried by consent and therefore became a part of the case under Fed. R. Civ. P. 15(b)(2).  Rule 15(b)(2) provides that "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings."  Hunter argued that the proposed amendments were tried by consent because the Magistrate Judge permitted testimony at the evidentiary hearing regarding the issues raised by the amendments.

The Court held the evidentiary hearing for purposes of presenting evidence relevant to Ground Two of Hunter's § 2255 motion.  When the Magistrate Judge granted the request for

the evidentiary hearing (Doc. 158), he clearly stated his understanding of Ground Two:

> As the Court understands it, Hunter thinks Arntz told him the Government would have to have five kilograms of cocaine in hand at trial to prove him guilty. Arntz believed that could not be proved, and on the basis of that belief Hunter turned down a plea offer for substantially less imprisonment than he actually received.

(Doc. 158 at PageID 2563-64.)

The Magistrate Judge rejected the argument that any other claims regarding the performance of Hunter's former counsel were "tried" at the evidentiary hearing, stating: "The Court never understood Hunter was claiming that the bad advice from Arntz was related to additional relevant conduct which could enhance the sentence under the Sentencing Guidelines." (Doc. 222 at PageID 3362.)  The Magistrate Judge further noted that Hunter failed to provide record references showing that the claims in his proposed amendments were tried by consent. (*Id.* at PageID 3363.)

In the Supplemental Memorandum (Doc. 225) on the Motion to Amend, the Magistrate Judge addressed Hunter's objections that (1) the proposed amendments are not new claims, but were made "to more clearly reflect the claims identified in his *pro se* Affidavit" and those "actually tried," (2) his proposed Amendment B, alleging deficient advice on Count 2 of the Indictment, was tried by consent, and (3) his proposed Amendment C, alleging Arntz's failure to investigate, was tried by consent.  (Doc. 223 at PageID 3366, 3370-71.)

As to Hunter's first objection, the Magistrate Judge again referred to the Court's construction of Count Two, which identified the specific erroneous advice that Arntz allegedly provided to Hunter.  The additional conduct set forth in Hunter's proposed amendments falls outside the stated scope of Ground Two.  The Magistrate Judge explained why the Court could not permit a claim of ineffective assistance of counsel to be amended at will at any time after the

filing of a § 2255 motion:

> Claims of ineffective assistance of trial counsel come in an infinite variety. If a § 2255 movant were authorized to file a conclusory claim in the initial motion and then specify that claim later by adding a number of different ways in which counsel was ineffective, there would be no ability to frame issues for trial and thus finally adjudicate them. That is what occurred in this case: The Court granted Hunter an evidentiary hearing on Ground Two as construed above, not on other claims.

(Doc. 225 at PageID 3380-81.)

The Magistrate Judge also dismissed the argument that Hunter should be permitted to bring all the claims made in his affidavit because "[n]either the Government nor the Court objected to this proposed testimony at any time after Hunter filed his affidavit." (Doc. 223 at PageID 3367.) The Magistrate Judge noted that, while the Court did not "object" to the claims in the affidavit, it entered its construction of Ground Two, which did not include Hunter's additional claims, after it received Hunter's affidavit. (Doc. 225 at PageID 3381.)

Hunter also argued that his claim that he received bad advice relevant to sentencing should proceed because the Court permitted testimony on that issue at the evidentiary hearing. Rejecting this argument, the Magistrate Judge stated that, in the context of the evidentiary hearing in this case, permitting such testimony did not amount to trial by consent. Specifically, the Magistrate Judge permitted Hunter leeway at the hearing so that he could have his "day in court" and to bring this matter to finality after pending for more than ten years. (*Id.* at PageID 3381.) In addition, the Magistrate Judge saw no need to "micromanage" Hunter's testimony when no jury was present and the Court could disregard irrelevant testimony. (*Id.* at PageID 3381-82.)

The Magistrate Judge dismissed Hunter's second objection to the Report and Recommendations because Hunter's record references did not demonstrate a trial by consent of

the claim that Arntz provided deficient advice regarding Count Two of the Indictment. (*Id.* at PageID 3382.) The Magistrate Judge likewise dismissed Hunter's third objection because there was nothing showing that Arntz's failure to investigate was tried by consent. (*Id.* at 3382-83.) The Government objected to testimony on that issue at the evidentiary hearing, so it certainly did not consent. Moreover, Hunter overcame the Government's objection by explaining that the testimony was relevant to the claim that Arntz provided bad advice on the amount of cocaine required to be produced at trial – the specific grounds for relief stated in Ground Two, as expressly set forth by the Magistrate Judge. The Magistrate Judge also noted that permitting Hunter to pursue such testimony did not amount to consent when no jury was present and the Court could ignore irrelevant testimony. (Doc. 225 at PageID 3383.)

Hunter's Objections (Doc. 226) to the Supplemental Memorandum merely re-assert the same objections that he made in response to the Report and Recommendations. Upon review, the Court finds that the Magistrate Judge's Decision and Order denying Motion to Amend was neither clearly erroneous nor contrary to law. Fed. R. Civ. Proc. 72.

## CONCLUSION

The Magistrate Judge's Decision and Order (Doc. 222) denying Hunter's Motion to Amend (Doc. 220) is **AFFIRMED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, February 11, 2016.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE