# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:06-cr-61 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| CHRISTOPHER HUNTER, | : | |
| | : | |
| Defendant. | : | |
| | : | |

___

**ENTRY AND ORDER DENYING UNITED STATES' MOTION TO DISMISS DEFENDANT'S 18 U.S.C. § 3582(c) MOTION (DOC. 270) AND DENYING DEFENDANT'S MOTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) REQUESTING THIS COURT REDUCE THE SENTENCE OF CHRISTOPHER HUNTER FOR EXTRAORDINARY AND COMPELLING CIRCUMSTANCES (DOC. 264)**

___

This case is before the Court on the "Motion Pursuant to 18 U.S.C. 3582(c)(1)(A) Requesting This Court Reduce the Sentence of Christopher Hunter for Extraordinary and Compelling Circumstances" (Doc. 264) (the "3582(c)(1)(A) Motion"), filed by Christopher Hunter ("Hunter"). The United States (the "Government") filed a Response in Opposition to the 3582(c)(1)(A) Motion (Doc. 269) (the "Response"), and Hunter filed a Reply to the Response (Doc. 278) (the "Reply").[1] Hunter, acting *pro se*, asks that this Court reduce his sentence pursuant

___

[1] The Government also filed a "Motion to Dismiss Defendant's 18 U.S.C. § 3582(c) Motion," arguing that this Court lacks jurisdiction to decide the 3582(c)(1)(A) Motion due to Hunter previously filing a notice of appeal concerning denial of a 28 U.S.C. § 2255 motion. (Doc. 270.) The Court denies the Government's motion to dismiss. The Court finds that, in this particular instance on the issues and facts presented, the matter presented in the 3582(c)(1)(A) Motion is not encompassed by the notice of appeal at issue concerning denial of the 28 U.S.C. § 2255 motion. In addition, the Court notes that the Government's motion to dismiss was filed on August 20, 2019; subsequently, the Sixth Circuit Court of Appeals issued an Order finding that "Hunter's timely Rule 59(e) motion tolled the time to appeal and suspends the effectiveness of a notice of appeal until the last of such motions is resolved" and issued a Mandate on November 21, 2019. (Doc. 281 at PAGEID #4119 (internal quotation marks omitted) (cleaned up); Doc. 287.) (*See also* Doc. 282 (filing by Hunter "notifying the Court of the status of jurisdiction regarding his Compassionate Release Motion").)

to 18 U.S.C. § 3582(c)(1)(A).[2] Hunter also filed, or the Court received, a number of additional documents related to his 3582(c)(1)(A) Motion, including Hunter's 28(j) Letter to Supplement (Doc. 265), Warden Quintana's Response (Doc. 267), Letter from Carissa Colchin (Doc. 275), and Letter to Magistrate Judge Michael R. Merz (Doc. 276). The matter is ripe for review.

For the reasons discussed below, the Court **DENIES** Hunter's 3582(c)(1)(A) Motion.

I. **BACKGROUND**

Hunter was indicted on March 28, 2006 and convicted by a jury on all four counts in a Superseding Indictment returned April 25, 2006. (Docs. 22, 51.) Those four counts were: possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1); conspiracy to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 846; possession of a firearm in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c)(1); and, being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). After an appeal reversed the conviction for possession of a firearm during a drug offense but affirmed the remaining convictions and sentence (*United States v. Hunter*, 558 F.3d 495 (6th Cir. 2009)), this Court entered an Amended Judgment on remand, imposing an aggregate sentence of 360 months imprisonment. (Doc. 119.) Hunter appealed again, and the Sixth Circuit affirmed. *United States v. Hunter*, 646 F.3d 372 (6th Cir. 2011). Hunter's conviction became final on direct appeal when the Supreme Court denied him certiorari on October 7, 2011. *Hunter v. United States*, 132 S. Ct. 390 (2011).

---

[2] Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified Section 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub. L. No. 115-391, 132 Stat. 5194. The parties do not appear to dispute Hunter's ability to bring the 3582(c)(1)(A) Motion pursuant to that section. Over thirty days after Hunter requested that the warden file a motion to reduce his term of imprisonment based on "extraordinary and compelling reasons" and after Hunter had mailed the 3582(c)(1)(A) Motion to the Court for filing (at least according to Hunter and as unchallenged by the Government), the Warden denied Hunter's request. (Doc. 267.) The Warden determined that Hunter's reasons did not meet the criteria of extraordinary or compelling. (*Id.*)

## II. ANALYSIS

Hunter now seeks "a sentence reduction under the federal compassionate release statute," Section 3552(c)(1)(A)(i). (Doc. 264 at PAGEID # 3959.)

### A. Legal Standard

A district court has limited authority to modify a sentence. "Generally speaking, once a court has imposed a sentence, it does not have authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582 grants such authority in certain limited circumstances. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

Thus, the Court can modify a term of imprisonment if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) such a reduction is appropriate "after considering the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* In addition, the applicable policy statement issued by the Sentencing Commission in this instance also requires that the defendant not be "a danger to the safety of any other person in the community, as provided in 18 U.S.C. § 3142(g)." United States Sentencing Commission, Guidelines Manual, § 1B1.13 (Nov. 1, 2018).[3]

---

[3] *See* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing

Commentary to that applicable policy statement issued by the Sentencing Commission identifies four, relatively narrow, circumstances in which "extraordinary and compelling reasons" may exist. *Id.* at cmt. n. 1. Those four circumstances are: (A) Medical Condition of the Defendant; (B) Age of the Defendant; (C) Family Circumstances; and (D) other extraordinary and compelling reason.[4] *Id.* Each of the four circumstances has its own parameters. *Id.* Commentary also confirms that "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." *Id.* at cmt. n. 3.

**B. Application**

In his Motion, Hunter asserts that there are six reasons why the Court should grant his Motion and reduce his sentence under 18 U.S.C. § 3582 (c)(1)(A):

1. He "received an unusually long sentence for" what he argues is "a non-violent cocaine charge" (*id.* at PAGEID # 3967);

2. During his "Best Case / Worst Case hearing he was never advised that the government sought to enhance him [sic] for an amount of cocaine beyond what he was charged" (*id.* at PAGEID # 3968);

3. He was a "street level dealer addicted to prescription drugs who made the fatal mistake of going to trial" (*id.* at PAGEID # 3969);

4. There is significant disparity between his sentence and his co-conspirators' sentences;

5. His mother is almost 78 years old, she is in failing health, he hopes to make amends and help her before she passes away, and she is solely dependent upon the help of Hunter's sister who is a busy nurse practitioner, has a family of her own to take care of, and needs Hunter's assistance in taking care of their mother (Doc. 264 at PAGEID # 3959, 3970); and

6. Count 3 of his conviction should be vacated based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

---

modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

[4] See footnote 5, below.

(Doc. 264.) In his Motion, Hunter also states that he has "an extraordinary record of rehabilitation," having "only one minor write up for sanitation." (Doc. 264 at PAGEID # 3959.) His submissions provide additional detail to support that statement.

The Court finds that Hunter's Motion should be denied. With respect to his fifth asserted reason, Hunter argues that "[t]his is an extraordinary and compelling reason in line with U.S.C.G. 1B1.13, application note 1(A) C. 'Family Circumstances.'" (Doc. 264 at PAGEID # 3970.) The Court disagrees. The application note identifies only two situations that qualify under "Family Circumstances," and those two situations are specific and quite limited:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.C., Guidelines Manual, § 1B1.13 at cmt. n. 1(C).

The family situation presented here is not either of those two family situations that qualify as "extraordinary and compelling reasons" under the policy statement's commentary. *Id.*; *United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305, 2019 U.S. Dist. LEXIS 118304, at *4-5 (S.D. Ohio July 16, 2019) (denying motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)). While the Court empathizes with Hunter's (and his sister's) difficult position, and understands that his mother's medical condition is no doubt serious, family circumstances that constitute "extraordinary and compelling reasons" do not include those presented. *See also Ingram*, 2019 U.S. Dist. LEXIS 118304, at *4-5 ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

With respect to Hunter's other five asserted reasons, certainly none fit into the first three circumstances that the Sentencing Commission identified as constituting "extraordinary and

compelling reasons" pursuant to U.S.S.G. § 1B1.13 Application Note 1. Even considering the fourth circumstance and reading it to include determinations by the Court in addition to determinations by the Director of the Bureau of Prisons (thus, favoring defendants like Hunter), the Court determines that, based on the facts of this case, those five asserted reasons are not "an extraordinary and compelling reason other than, or in combination with, the reasons described in" the first three circumstances. U.S.S.C., Guidelines Manual, § 1B1.13 at cmt. n.1(D) ("Provided the defendant meets the requirements of subdivision (2) [of U.S.S.C. Guidelines Manual § 1B1.13], extraordinary and compelling reasons exist under any of the circumstances set forth below … (D) As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)").[5] *See also, e.g., Dusenbery*, 2019 U.S. Dist. LEXIS 199502, at *7-9 (finding defendant's purported "other reasons" did not constitute extraordinary and compelling reasons for a sentence reduction).

Additionally, Hunter's cited legal authority does not support that, based on the facts presented in this case, any of his asserted reasons would constitute an "extraordinary and

---

[5] Although Guideline Manual § 1B1.13 was effective prior to enactment of the First Step Act's modification to Section 3582, that modification related to the procedural matter of a defendant's ability to bring a motion on his or her own behalf. However, that modification arguably does affect the fourth circumstance in the Guideline Manual's commentary, which, as written, involves a determination "by the Director of the Bureau of Prisons." U.S.S.C., Guidelines Manual, § 1B1.13 at cmt. n.1(D). In light of the modifications to Section 3582 effective December 21, 2018 (*see* footnote 2, above), an argument could be made that the fourth circumstance should be disregarded or be read as now including a determination by either the Director of the Bureau of Prisons or the Court (i.e., in a way that would favor defendants). *See Stinson v. United States*, 508 U.S. 36, 38 (1993) ("commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline"). Courts appear to be divided on this issue. *See, e.g., United States v. Dusenbery*, No. 5:91-cr-291, 2019 WL 6111418, 2019 U.S. Dist. LEXIS 199502, at *3 n.1 (N.D. Ohio Nov. 18, 2019) (noting court disagreement); *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, 2019 U.S. Dist. LEXIS 100923, at *6-12 (S.D. Tex. June 17, 2019); *United States v. Lynn*, No. 89-0072, 2019 WL 3805349, 2019 U.S. Dist. LEXIS 135987, at *9-11 (S.D. Ala. Aug. 12, 2019) (criticizing *Cantu* and *Beck*). Regardless, it does not change the Court's decision here, as shown in this Order.

compelling reason" to warrant a reduction.[6] The Court does not find "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Furthermore, as Hunter acknowledges, he committed serious offenses that involved a controlled substance (cocaine) and a firearm. (Doc. 264 at PAGEID # 3958; Doc. 278 at PAGEID # 4107.) He also had a significant criminal history. *See Hunter*, 558 F.3d at 507.[7] The Court disagrees with his characterization of the crimes he was convicted of as being a "small scale conspiracy." (Doc. 278 at PAGEID # 4108.) Despite Hunter's arguments and submissions, this Court does not "determine that the defendant is not a danger to the safety of any other person in the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.C., Guidelines Manual, § 1B1.13. This is another, independent reason for denying the 3582(c)(1)(A) Motion. While the Court is sympathetic, and recognizes the remorse that Hunter has expressed, the circumstances here do not warrant an early release.

### III. CONCLUSION

Hunter does not meet the requirements necessary to be granted relief under 18 U.S.C. § 3582(c)(1)(A). For the reasons stated above, the Court **DENIES** the "Motion Pursuant to 18

---

[6] Legal authority cited by Hunter is either off-point or distinguishable. For example, in *Cantu* (which, again, has been criticized by other courts), the Government did not oppose the relief sought by the defendant, the court found the Government "to advocate" for the court to grant such relief, the court found that position by the Government to be an extraordinary and compelling reason, and the court stated that its "determination in this case is narrow and unlikely to have far-reaching implications, as Government non-opposition is both the touchstone of the determination and rare." *Cantu*, 2019 U.S. Dist. LEXIS 100923, at *13-14. As shown above, the Government opposes Hunter's 3582(c)(1)(A) Motion. In the similarly named *Cantu-Rivera* case from the same district, the court found that the defendant met the "Age of the Defendant" circumstances in U.S.S.G. § 1B1.13, cmt. (n.1(B)). *United States v. Cantu-Rivera*, No. H-89-204, 2019 WL 2578272, 2019 U.S. Dist. LEXIS 105271 (S.D. Tex. June 24, 2019). In *Beck* (which, again, has been criticized by other courts), the court granted a motion for compassionate release because of the defendant's "invasive cancer and BoP's history of indifference to her treatment." *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, 2019 U.S. Dist. LEXIS 108542, at *2 (M.D.N.C. June 28, 2019). In *York*, the court relied on the defendant's "combination of medical conditions, but particularly his heart condition," in granting the motion for compassionate release. *United States v. York*, Nos. 3:11-CR-76, 3:12-CR-145, 2019 WL 3241166, 2019 U.S. Dist. LEXIS 119768, at *18-24 (E.D. Tenn. July 18, 2019). Additionally, unlike here, the courts in those cases also found that the defendant met all of the requirements set forth above.
[7] *See also* Presentencing Report.

U.S.C. 3582(c)(1)(A) Requesting This Court Reduce the Sentence of Christopher Hunter for Extraordinary and Compelling Circumstances" (Doc. 264).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, January 9, 2020.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE